UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

TEMITOPE OMOTAYO,

         Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PRELIMINARY ORDER OF FORFEITURE/
MONEY JUDGMENT

S4 19 Cr. 291 (LAP)

WHEREAS, on or about September 9, 2021, TEMITOPE OMOTAYO (the "Defendant"), among others, was charged in a three counts of a six-count Superseding Indictment, S4 19 Cr. 291 (LAK) (the "Indictment"), with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count One); conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Two); and aggravated identity theft, in violation of Title 18, United States Code, Section 1028A(a)(1), 1028(b) and 2 (Count Five);

WHEREAS, the Indictment included a forfeiture allegation as to Count One and of the Indictment, seeking forfeiture to the United States, pursuant to, *inter alia*, Title 18, United States Code, Section 981(a)(1)(C), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, the Indictment included a second forfeiture allegation as to Count Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any property, real or personal, involved in the offense charged in Count Two

of the Indictment, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count Two of the Indictment;

WHEREAS, on or about October 26, 2021, the Defendant was found guilty, following a jury trial, of Counts One, Two and Five of the Indictment;

WHEREAS, the Government asserts that $5,401,432.60 in United States currency represents the proceeds traceable to the commission of the offense charged in Count One of the Indictment that the Defendant personally obtained and the property involved in the offense charged in Count Two of the Indictment;

WHEREAS, the Government seeks a money judgment in the amount of $5,401,432.60 in United States currency, pursuant to Title 18, United States Code, Section 981(a)(1)(C), representing the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, and pursuant to Title 18, United States Code, Section 982(a)(1), representing the property involved in the offense charged in Count Two of the Indictment, for which the Defendant is jointly and severally liable with co-defendants Oluwaseun Adelekan, Olalekan Daramola, Solomon Aburekhanlen, Gbenga Oyeneyin, Abiola Olajumoke, Bryan Eadie, Albert Lucas, Ademola Adebogun, Lucas Ologbenla, Adewole Taylor, and Curlten Otudibor (collectively, the "Co-Defendants") to the extent forfeiture money judgments are entered against the Co-Defendants in this case; and

WHEREAS, the Court finds that as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, and the property involved in the offense charged in Count Two of the Indictment cannot be located upon the exercise of due diligence.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses charged in Counts One and Two of the Indictment, to which the Defendant was found guilty following a jury trial, a money judgment in the amount of $5,401,432.60 in United States currency (the "Money Judgment"), representing the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, and the property involved in the offense charged in Count Two of the Indictment, for which the Defendant is jointly and severally liable with the Co-Defendants to the extent forfeiture money judgments are entered against the Co-Defendants in this case, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant TEMITOPE OMOTAYO and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.  Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6.  Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7.  The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Dated:  New York, New York
        April __, 2022

SO ORDERED:

_____
HONORABLE LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE