UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
 UNITED STATES OF AMERICA,

                    Plaintiff,
                                              19 Cr. 291 (LAP)
 -against-
                                              ORDER
 TEMITOPE OMOTAYO,

                    Defendant.
└─────────────────────────────────────┘
```

LORETTA A. PRESKA, Senior United States District Judge:

The Court is in receipt of Defendant Temitope Omotayo's pro se Motion to Join Oluwaseun Adelekan's Motion to Vacate Conviction and Dismiss Fourth Superseding Indictment with Prejudice (the "Motion to Join.").[1]  The Government opposed the motion.[2]  For the reasons set out below, Defendant's Motion to Join is DENIED.

### I.   Background

The Court assumes familiarity with the underlying facts of the case.

#### a. Procedural History

On October 7, 2024, Defendant's co-defendant, Oluwaseun Adelekan, filed a motion to vacate his sentence.  (Dkt. no. 759.) On October 31, 2024, the Court construed Mr. Adelekan's motion as a habeas petition, (dkt. no. 763 at 3,) and Mr. Adelekan refiled

---

[1] (Mot. to Join, dated Jun. 17, 2025 [dkt. no. 798]; Reply, dated Sept. 18, 2025 [dkt. no. 811].)
[2] (Gov't Opp'n, dated Aug. 22, 2025, 2025 [dkt. no. 805].)

the motion (the "Motion to Vacate.").[3]  On November 21, 2024, the Court granted Mr. Adelekan leave to amend his Motion to Vacate to bring it into compliance with the Rules Governing Section 2255 Proceedings.  (Dkt. 769 at 4.)  Mr. Adelekan moved for reconsideration of the Court's decision to construe the Motion to Vacate as a habeas petition on December 17 and 18, 2024, (the "Motion for Reconsideration").[4]  On October 22, 2025, the Court denied Mr. Adelekan's motion for reconsideration.  (Dkt. no. 813.)

Meanwhile, on June 17, 2025, Defendant filed the Motion to Join.  (Mot. to Join.)  The Motion asks the Court to allow Defendant to join Mr. Adelekan's Motion to Vacate and urges the Court to grant Mr. Adelekan's Motion for Reconsideration.[5]  (Mot. to Join at 2.)  Alternatively, Defendant seeks coram nobis relief.  (Id.) On August 22, 2025, the Government opposed the Motion to Join, contending that the Motion should be interpreted as a coram nobis petition and denied.  (Gov't Opp'n at 3-5.)  On September 18, 2025, Defendant replied.  (Reply.)

---

[3] (Mot. to Vacate, dated Oct. 31, 2024 [dkt. no. 764].)
[4] (Mot. for Recons., dated Dec. 17 and 18, 2024 [dkt. nos. 773-74].) Dkt. nos. 773 and 774 are identical.
[5] Defendant seeks relief "pursuant to United States v. Ianniello, 385 F.3d 183 (2nd [sic] Cir. 2005)."  (Mot. to Join at 2.)  Neither the Court nor the Government was able to locate any such case. (Gov't Opp'n at 2 n.2.)  Whether or not Ianniello exists, the decision of the Court remains binding for the reasons elaborated in this Order.

## II.  <u>Applicable Law</u>

### a. <u>Pro</u> <u>Se</u> Motions

Courts must interpret <u>pro</u> <u>se</u> motions "to raise the strongest arguments that they suggest." <u>Triestman v. Fed. Bureau of Prisons</u>, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis removed).

### b. Writ of Error Coram Nobis

The writ of error coram nobis is an "ancient" feature of the common law.  <u>United States v. Morgan</u>, 346 U.S. 502, 506 (1954). Federal courts are authorized to hear coram nobis petitions under the All Writs Act.  <u>See</u> <u>id.</u> at 506-07; 28 U.S.C. § 1651(a).

Today, the writ functions as "a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction."  <u>Fleming v. United States</u>, 146 F.3d 88, 89-90 (2d Cir. 1998).  Importantly, coram nobis is "not a substitute for appeal, and relief under the writ is strictly limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid."  <u>Foont v. United States</u>, 93 F.3d 76, 78 (2d Cir. 1996).  To obtain relief, coram nobis petitioners must demonstrate that "1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by grant of the writ." <u>Fleming</u>, 146 F.3d at 90.  When applying these elements, the court must

"presume that the [prior criminal] proceedings were correct.  The burden of showing otherwise rests on the petitioner."  <u>Nicks v. United States</u>, 955 F.2d 161, 167 (2d Cir. 1992).

### III. <u>Discussion</u>

Defendant seeks to "join" Mr. Adelekan's Motion to Vacate. (Mot. To Join at 1.)  The Court has repeatedly construed the Motion to Vacate as a habeas petition.  (<u>See</u> dkt. no. 763 at 3; dkt. no. 769 at 1; dkt. no. 813 at 6-8.)  Habeas proceedings are centrally concerned with the lawfulness of a petitioner's ongoing confinement.  <u>Peyton v. Rowe</u>, 391 U.S. 54, 58 (1968) ("The writ of habeas corpus is a procedural device for subjecting . . . restraints on liberty to judicial scrutiny.").  In keeping with this principle, Mr. Adelekan's Motion to Vacate seeks his release from incarceration.  (Mot. to Vacate at 1.)  But Defendant is no longer incarcerated or under supervised release pursuant to this judgment.  (Mot. to Join at 2; Gov't Opp'n at 2.)  Defendant is therefore ineligible for habeas relief.  28 U.S.C. § 2255(a) ("A prisoner <u>in custody</u> . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." (emphasis added)); <u>Al-'Owhali v. United States</u>, 36 F.4th 461, 465 (2d Cir. 2022) ("A § 2255 motion challenges the prisoner's being in custody, and relief may be afforded only when the prisoner claims the right to be released." (internal quotation marks omitted)).  Moreover, the Court found the claims in Adelekan's Motion to Vacate, which

4

comprise conclusory allegations that the grand jury that issued his indictment was improperly extended, to be insufficient. (See dkt. 769 at 3 (holding that "an allegation of improper grand jury empanelment based only on the length of time between superseding indictments, without more, is insufficient."); dkt. no. 813 at 8-9 (holding that Mr. Adelekan's claims regarding the grand jury's empanelment were insubstantial "conclusory allegations.").) Accordingly, Defendant's Motion to Join Mr. Adelekan's Motion to Vacate is DENIED.

### a. **Writ of Error Coram Nobis**

Despite being barred from joining Mr. Adelekan's motion, a liberal construction of Defendant's motion includes a request for post-conviction relief in the form of the writ of error coram nobis. (Mot. to Join at 2 ("[M]y convictions are not final so as to require that I seek 'coram nobis relief' . . . coram nobis rather than habeas corpus is applicable in my case.").) The Court, conscious of its obligation to interpret the motion "to raise the strongest arguments that [it] suggest[s]," will construe the Motion to Join as seeking such relief. Triestman, 470 F.3d at 474 (emphasis removed).

Even interpreted as such, Defendant fails to satisfy the requirements for coram nobis relief. To prevail on a writ of coram nobis, a petitioner must show that "1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist

for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by grant of the writ." Fleming, 146 F.3d at 90.  Defendant's claim fails to meet any of these elements.

First, there is no circumstance here that "compel[s]" the Court to grant relief "to achieve justice."  Id.  To meet this element, it is generally required that the movant show that a "fundamental error" has occurred.  See Nicks, 955 F.2d at 167 (holding that the failure to hold a constitutionally required competency hearing is a "fundamental error" for purposes of coram nobis).  No such error has occurred here.  The Court has already held in its November 21, 2024 order and its October 22, 2025 order that the claims in Mr. Adelekan's Motion to Vacate having to do with the allegedly improper extension of the grand jury that indicted him are unsubstantiated and non-meritorious. (See dkt. no. 769 at 3; dkt. no. 813 at 8-9.)  "Conclusory assertions" like the ones Defendant relies on here "are insufficient to justify coram nobis relief." Dixon v. United States, No. 14-CV-960 (KMK), 2015 WL 851794, at *9 (S.D.N.Y. Feb. 27, 2015).  Defendant therefore fails to allege a fundamental error.

Second, Defendant cannot show "sound reasons [] for failure to seek appropriate earlier relief." Fleming, 146 F.3d at 90. Defendant rehearses Mr. Adelekan's claim that the Fourth

Superseding Indictment is jurisdictionally defective because it was issued by an improperly extended grand jury. (Mot. to Vacate at 1-2.) The Fourth Superseding Indictment was issued on September 9, 2021. (Dkt. no. 296 at 15.) Defendant therefore "knew or should have known . . . of the facts underlying his current claim" for nearly four years before he filed on June 17, 2025, but provides not a single reason explaining the delay in bringing his claim. Foont, 93 F.3d at 80; (Mot. to Join 1-2.) His claim is therefore untimely. See Dorfmann v. United States, Nos. 13 Civ. 4999 (JCF), 99 Cr. 51 (JCF), 2014 WL 260583, at *6 (S.D.N.Y. Jan. 23, 2014) (denying a coram nobis petition for timeliness where the movant knew or should have known of the facts underlying the claim for three years before filing the petition).

Third, Defendant does not "continue[] to suffer legal consequences from his conviction [that] may be remedied by grant of the writ." Fleming, 146 F.3d at 90. To meet the "continuing legal consequences" requirement, a petitioner must demonstrate a "concrete threat that an erroneous conviction's lingering disabilities will cause serious harm." Id. at 91. Neither the "mere desire to be rid of the stigma of a conviction" nor "speculative harms" are sufficient. Id. at 90, 91 (internal quotation marks omitted). Here, Defendant has not alleged any continuing harm, much less a sufficient one. This is fatal to his coram nobis petition. Id. at 90 (where a pro se post-conviction

7

motion "fails even vaguely to suggest an essential element of a claim for relief, the district court is not required to overlook the deficiency.").[6]

## IV.    Conclusion

For the foregoing reasons, Defendant's Motion to Join is DENIED.

The Clerk of the Court shall close dkt. nos. 798, 805, and 811 and mail a copy of this order to Defendant.

**SO ORDERED.**

Dated:    November 19, 2025
          New York, New York

_Loretta A. Preska_
_____
LORETTA A. PRESKA
Senior United States District Judge

---

[6] Defendant's conviction may subject him to the risk of deportation, but removal proceedings have been pending against him since May 6, 2019.  (Presentence Investigation Report at 15.)  He therefore cannot demonstrate that his conviction created a continuing legal consequence sufficient for coram nobis relief. (See Gov. Opp'n. at 5 n.4;) see also United States v. Pena, No. 00 Cr. 711 (PGG), 2025 WL 2144791, at *8 (S.D.N.Y. Jul. 29, 2025) (holding that petitioner's ineligibility for naturalization was not a continuing legal consequence because it was not the product of the conviction he was challenging).